M. O'HARA *v.* A. B. JOHNS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—296.]

**Injunction to Prevent Trespass.**

A party in possession of land may maintain an action perpetually enjoining and restraining another from further trespass who has already unlawfully entered thereon and cut timber or otherwise injured the land or disturbed his possession and who will continue to do so unless restrained.

**Punishment for Violation of Injunction.**

Where after an injunction is served the defendant proceeds to do the things he is directed not to do, in addition to being punished for contempt the court has the power without another action to place the parties in the situation they occupied at the time the injunction was granted.

APPEAL FROM PENDLETON CHANCERY COURT.

October 6, 1885.

Opinion by Judge Lewis:

Appellant brought this action, stating in his petition that he was the owner and in possession of a tract of land containing sixty-one and three-fourths acres, the description and boundary of which he sets out; and that appellees unlawfully entered on and cut timber therefrom.

An injunction was granted at the commencement of the action according to the prayer of the petition, restraining appellees until further orders of the court from the commission of the trespass complained of. But upon final hearing the court rendered judgment dismissing the petition without prejudice, which operated as a dissolution of the injunction. The reason assigned by the chancellor for the judgment is that the plaintiff in the action testified in his deposition that the defendant had, when this action was commenced, taken possession of the land upon which the alleged trespass was committed, and there being no prayer in the petition for recovery of the possession the plaintiff could not maintain the action once the injunction was improperly granted.

It has been settled by this court that a party in possession of land may maintain an action perpetually enjoining and restraining another from further trespass who has already unlawfully entered thereon and cut the timber or otherwise injured his land or disturbed his possession, and who will continue to do so unless restrained by injunction. We think the court misunderstood the testimony of the plaintiff. He not only states in his petition, but when properly construed his testimony as a witness shows, that he and not the defendants or either of them was in possession of the land in dispute when this action was commenced. But he as well as others testify that the defendants after the commencement of the action not only continued to cut timber, but built a fence so as to include the disputed land, and in that way did have the actual possession when the judgment was rendered.

It appears that the tract of sixty-one and three-fourths acres, which appellant contends includes the disputed land, once belonged to appellee, Johns, and that in 1860 he conveyed it by deed to one Rawlings, who in 1866 conveyed it to appellant. As the contest in this case as to the boundary is between appellant and appellee, Johns, appellee Smally being merely the tenant of the latter, the

boundary as well as the title to the land in controversy must be determined by the two deeds mentioned.

It is clear that if the tract of sixty-one and three-fourths acres be surveyed according to the calls of their deeds the land in controversy will be included and belong to appellant. This the report and testimony of the surveyor places beyond doubt. If it is included in the boundary set out in their deeds appellee is bound thereby. It is, however, contended that, after this action was commenced, appellant and appellee, Johns, agreed that the surveyor, Ellis, should be authorized to survey the land according to the title papers and fix the disputed division line by which they were to be bound. But the land was not run by the deed from appellee, Johns, to Rawlings, and the latter to appellant, but by the field notes of a survey in the name of Barton, to which appellant objected, and refused to abide by it. As the survey was not made according to the calls of the Barton survey, which if followed would also include the disputed land in appellant's boundary, he was not bound by the survey as made but has the right to claim under appellee's deed to Rawlings.

In our opinion the court erred in dismissing the petition, but should have perpetuated the injunction, and as appellee inclosed the disputed land after the commencement of the action the court had the power without another action to place the parties in the situation they occupied at the time the injunction was granted.

Wherefore the judgment is reversed and cause remanded for further proceedings consistent with this opinion.

Judgment *reversed.*

*Clark & Applegate, for appellant.*

*C. H. Lee, for appellees.*